# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER GANN, LEANDRE BISHOP, AUTUMN PIERCE, and JURA GERALD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a California corporation,<br><br>Defendant. | Case No. 3:18-cv-0966<br><br>Judge Eli J. Richardson<br><br>Magistrate Judge Barbara D. Holmes |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on March 20, 2019. Counsel appearing were: Ben Barnow and Jonathan Tepe[1] for Plaintiffs and Paul Cauley and John Hicks for Defendant Nissan North America, Inc. ("NNA"). From the proposed initial case management order submitted by the parties (Docket No. 43) and discussion during the initial case management conference and pursuant to Local Rule 16.01, the following case management plan and schedule is adopted, subject to further orders by Judge Newbern to whom this case will be reassigned:[2]

---

[1] Mr. Tepe has not yet entered an appearance in this case and is reminded that he must do so promptly if he intends to participate in this case as counsel for Plaintiffs. *See* Local Rule 83.01(e)(1).

[2] As stated in the order entered separately, this case will be reassigned to Judge Newbern for further case management, as she is the assigned magistrate judge in the related cases of *Madrid et al. v. Nissan N.A. et al.*, No. 3:18-00534 and *Norman et al. v. Nissan N.A. et al.*, Case No. 3:18-0588.

A.  **Jurisdiction:**

Plaintiffs assert this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). NNA does not dispute jurisdiction or the appropriateness of venue in this Court.

B.  **Brief Theories of the Parties:**

1.  **Plaintiffs:**

Nissan sold 2013-2015 Nissan Altima vehicles equipped with defective Continuously Variable Automatic Transmissions ("CVTs") that cause shuddering, jerking, lack of power and lag when accelerating, stalling, unusual noises, and premature transmission failure. The defective CVTs pose a safety risk and create significant costs for owners of these vehicles. Plaintiffs bring claims for breach of implied warranty of merchantability, breach of express warranty, violation of the Magnuson-Moss Warranty Act, violation of California's Consumers Legal Remedies Act, violation of California's Unfair Competition Law, Violation of the Texas Deceptive Trade Practices Act, Violation of the South Carolina Consumer Protection Act, violation of the North Carolina Unfair Deceptive Trade Practices Act.

2.  **Defendant:**

NNA intends to move to dismiss Plaintiffs' Amended Complaint on a variety of legal grounds. In the event an Answer is required, NNA expects to deny the material factual allegations of the Amended Complaint, including without limit those allegations relating to the existence of a "defect" that would be common to each of Plaintiffs' vehicles, much less to all putative class vehicles, and the claimed knowledge of the unspecified defect. NNA also contends the case is not suitable for class treatment.

C.  **Issues Resolved**

Jurisdiction, venue and service as to Nissan North America, Inc., are not disputed.

2

**Issues in Dispute:**

All other material factual and legal issues are in dispute.

**D.      Initial Disclosures:**

The parties have agreed to serve their Rule 26(a)(1)(A)-(E) disclosures fourteen (14) days after the Case Management Conference (March 20, 2019), which is April 3, 2019.

**E.      ADR:**

The parties have discussed Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. The parties believe a formal ADR process is premature at this time but will communicate with each other in good faith as the case progresses. At an appropriate time, the parties will work together to agree on a private mediator.

**F.      Discovery:**

Discovery necessary for class certification shall be completed on or before February 28, 2020.[3] A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. All discovery motions shall be filed by no later than March 1, 2020. In connection with any discovery conference or discovery motion, the applicable parties shall file

---

[3] The Court has structured this discovery to correspond to the discovery structure in the related *Madrid* and *Norman* cases.

a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**G.     Motions to Amend or Join Additional Parties:**

The deadline for filing motions to amend the pleadings or join parties is January 15, 2020 and any motion must comply with Local Rules 7.01 and 15.01.

**H.     Proposed Schedule for Motion for Class Certification:**

The parties propose the following agreed schedule, which the Court enters subject to revision at the subsequent case management conference or after resolution of the pending motion to dismiss:

| | |
|---|---|
| Deadline for Plaintiffs to file a Motion for Class Certification | March 30, 2020 |
| Plaintiffs' expert disclosures and reports due for any experts to be relied upon in support of Motion for Class Certification | March 30, 2020 |
| Deadline for Plaintiffs to produce class certification experts for deposition | April 30, 2019 |
| Deadline to file response to Motion for Class Certification | June 15, 2020 |
| Defendants' expert disclosures and reports due for any experts to be relied upon in opposition to Motion for Class Certification | June 15, 2020 |

| Deadline for Defendants to produce class certification experts for deposition | July 15, 2020 |
|---|---|
| Deadline to file reply re: Motion for Class Certification | August 14, 2020 |
| Class Certification hearing | TBD |

**I.     Subsequent Case Management Conferences:**

A subsequent case management conference shall be held telephonically (with Judge Newbern) on **September 17, 2019, at 9:30 a.m. (Central)**. The parties shall call (888) 557-8511and enter access code 7819165# to participate.

**J.     Dispositive Motions:**

The deadline for filing any dispositive motions that are to be considered prior to or in connection with class certification should coincide with the parties' respective deadlines for filing a class certification motion or response.

**K.     Electronic Discovery**

The parties will work together on e-discovery and are negotiating any needed revisions to Administrative Order 174-1. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of a written agreement, the default provisions of Administrative Order No. 174-1 will apply.

**L.     Target Trial Date:**

The parties propose that deadlines concerning discovery remaining after a ruling on Plaintiffs' class motion, dispositive motions, and a pretrial schedule should be addressed after the

Court has made a determination on class certification. Therefore, no proposed trial date is provided at this time.

**M.	ATTORNEYS**.  Entry of an appearance or otherwise participating as counsel of record is a representation that the attorney will be prepared to conduct the trial of this action, from which an attorney may only be relieved by approval of the Court.

**N.	Other Matters**

The Parties will work on a Stipulated Protective Order governing confidential and highly confidential information.

It is so ORDERED.

```
_____
BARBARA D. HOLMES
United States Magistrate Judge
```